**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

**CHAMBERS OF MARK FALK**
**CHIEF MAGISTRATE JUDGE**

**USPO & COURTHOUSE**
**1 FEDERAL SQ., ROOM 457**
**NEWARK, NJ 07101**
**(973) 645-3110**

**LETTER OPINION & ORDER**

July 7, 2021

TO ALL COUNSEL OF RECORD

Re: *Kelly v. City of Patterson*, 19-17911 (WJM)
*Lee v. City of Patterson*, 19-17936 (WJM)
**(CONSOLIDATED)**

Dear Counsel:

These are consolidated civil rights actions against the City of Paterson and various individual defendants. Plaintiffs spent 24 years in prison for robbery and murder – crimes they did not commit. Before the Court is Plaintiffs' letter request to compel Defendants to respond to two document demands. [Civ. A. No. 19-17911; ECF No. 94.] Defendants oppose the request. No argument is necessary. *See* Fed. R. Civ. P. 78(b). Plaintiffs' request is **GRANTED**.

**The Dispute**

The parties are familiar with the full background of the case. In sum, Plaintiffs claim they were coerced into providing false confessions to crimes committed by another individual and that the Paterson Police Department (PPD) had a policy, practice, and custom of fabricating inculpatory evidence and using coercive interrogation techniques to obtain false confessions, and that the PPD failed to provide the training, supervision, and discipline necessary to prevent this misconduct. These basic allegations provide the foundation for a panoply of Section 1983 and related civil rights claims.

Plaintiffs have served two document demands that seek information they claim are relevant to their claims: (1) the production of a homicide file relating to the 1977 investigation into the murder of an individual named David Doktor; and (2) documents

related to a lawsuit filed against the City of Patterson that accused a defendant in this case, Richard Reyes, of racial discrimination.

First, the Doktor File. The Doktor case involved a murder investigation in 1977 that resulted in the conviction of an individual named Lawrence Simmons. The Simmons conviction was based, at least in part, on the testimony of a cooperating witness, David Wilson. However, in 1985, Wilson claimed that his testimony was false and the result of coerced investigatory techniques, including the threat that he would be "locked up" if he did not testify against Simmons. Ultimately, Simmons's conviction was vacated, albeit for different reasons. Plaintiffs claim that the Doktor File is relevant because Wilson's statements were the result of inculpatory police practices and techniques the same as or similar to those that were used against Plaintiffs in this case.

Second, the Reyes Lawsuit. Richard Reyes was a detective assigned to the investigation that led to Plaintiffs' convictions. Plaintiffs have requested all documents concerning a racial discrimination lawsuit filed against Patterson and Defendant Reyes that settled in 2018 (*Griffin v. City of Patterson*, 15-8130 (D.N.J.)). In the *Griffin* case, Reyes was accused of retaliation by Lieutenant Washington Griffin, a Black man, for Griffin's complaining that Reyes declined to investigate or punish another officer's use of racial slurs. Plaintiffs here, two Black men, claim that their convictions were driven by a pattern or practice of systemic racism within the Patterson Police Department, and that the Reyes file is likely to contain circumstantial evidence relating to same.

Defendants object to the document demands. With respect to the Doktor File, Defendants contend that the City's policy makers in 1977 are completely different from those in 2004; that there is no temporal proximity to between the Doktor investigation and Plaintiffs' claims; that the extensive court proceedings relating to the Simmons case show that there are many differences between the two cases, including that Simmons did not allege physical coercion, like Plaintiffs do here; and finally, that Wilson later "recanted his recantation" which divests him of any credibility and destroys any value the discovery could plausibly have.

Defendants further object to production of the Reyes lawsuit, contending Reyes was a minor part of the *Griffin* lawsuit and was limited to four paragraphs in the Complaint. They also contend the events alleged in *Griffin* occurred more than 20 years after the

events alleged in Plaintiffs' Complaint and have no persuasive value.

**Legal Standard**

Federal Rule of Civil Procedure 26(b)(1) provides that a party may obtain discovery regarding "any nonprivileged material that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id*. It is "well recognized that the federal rules allow broad and liberal discovery." *Pacini v. Macy's*, 193 F.3d 766, 777-78 (3d Cir. 1999). Relevance is a broader inquiry at the discovery stage than at the trial stage, *see Nestle Food Corp. v. Aetna Cos. & Surety Co*., 135 F.R.D. 101, 103 (D.N.J. 1990), and "relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Pearson v. Miller*, 211 F.3d 57, 65 (3d Cir. 2000). While relevant information need not be admissible, the burden remains on the party seeking discovery to "show that the information sought is relevant to the subject matter of the action and may lead to admissible evidence." *Caver v. City of Trenton*, 192 F.R.D. 154, 159 (D.N.J. 2000). A party resisting discovery on the grounds of burden or expense "bears the burden of showing specifically how the request is burdensome." *Carnegie Mellon Univ. v. Marvell Tech. Grp. Ltd.*, 2010 WL 4922701, at *3 (W.D. Pa. Nov. 29, 2010).

**Decision**

Plaintiffs have established that the information sought in the two document demands is discoverable within the meaning and contemplation of Rule 26.

The Doktor File is claimed as support for Plaintiffs' *Monell*-related theories of liability in the case. If there is information within the file that would support a pattern or practice of coerced testimony/convictions it would be sufficiently relevant to warrant its production. While there is a temporal break between the Doktor investigation and the investigation involving Plaintiffs, it is at least plausible that information within the Doktor File could support a claim of policymaker and *Monell*-related knowledge at the time the investigation into Plaintiffs was ongoing. That is enough for Rule 26. The particular facts relating to Simmons's court journey and the value of Wilson's back-and-forth testimony is

not a matter to be judged and determined in the context of discovery. Moreover, there is no claim of privilege or showing of undue burden or expense associated with the production. Given the importance of the issues in the case and the lack of burden shown, it supports a finding of proportionality that warrants production of the file. *See* Fed. R. Civ. P. 26(b) (proportionality of discovery guided by "importance of the issues at stake in the action").

Documents relating to the Reyes lawsuit should also be produced. Plaintiffs' theory of their case includes race-based discrimination driving the investigation and their convictions. Defendant Reyes was involved in Plaintiffs' investigation. Again, allegations in a separate lawsuit may not ultimately have much persuasive value and are undoubtedly disputed. However, again, there is no privilege at issue, there has been no showing of undue burden or expense, and the issues in this action are important. The parties can dispute how involved Defendant Reyes was in the *Griffin* lawsuit, but that again goes to the ultimate value of the information not to the initial question of discoverability.[1]

For the reasons stated above, Plaintiff's application to compel [ECF No. 94] is **GRANTED**.

**SO ORDERED**.

s/Mark Falk
**MARK FALK**
**United States Magistrate Judge**

---

[1] In a footnote in their opposition letter, Defendants refer to possible confidentiality concerns with the Reyes lawsuit. (ECF No. 98 at 8 n.5.) The letter does not provide sufficient information for the Court to act with respect to this subject. To the extent Defendants contend there are confidentiality issues, they should confer with Plaintiffs' counsel to work out a consent order guiding the production of any confidential information.