UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ERIC KELLEY,<br><br>      Plaintiff,<br><br>v.<br><br>RICHARD REYES, LORI HILLAS AS EXECUTOR OF THE ESTATE OF LOUIS STELL, ROBERT SMITH, ESTATE OF MICHAEL FINER, ALEX NIEVES, PETER IURATO, TIMOTHY JORDAN, RAYMOND REID, ALBERT CLARK, **in their individual capacities,** RICHARD MUNSEY and VINCENT AMORESANO, **in their official capacities,** and THE CITY OF PATERSON,<br><br>      Defendants. | No. 2:19-cv-17911 (WJM)<br><br>**OPINION** |

### WILLIAM J. MARTINI, U.S.D.J.:

Plaintiff Eric Kelley ("Plaintiff" or "Kelley") moves for a default judgment against Defendant Lori Hillas as Executor of the Estate of Louis Stell ("Stell Estate"). ECF No. 381 ("Motion"). The Motion is unopposed. The Court decides the matter without oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, the Motion is **DENIED WITHOUT PREJUDICE.**

### I.  BACKGROUND

The Court assumes familiarity with the facts of this case and provides a brief overview of the issues regarding the Stell Estate. On or about March 20, 2024, Defendant Louis Stell passed away. ECF No. 297-4.[1] Upon learning of Mr. Stell's death, then-counsel for Mr. Stell, Patrick Caserta, notified the Court on July 30, 2025. ECF No. 294. One week later, Plaintiff moved to substitute Lori Hillas as Executor of the Estate of Louis Stell as a party. ECF No. 297 ("Substitution Motion"). The Court granted the unopposed Substitution

---

[1] Although Ms. Hillas mailed a letter on November 12, 2025, reiterating that she cannot find counsel and purporting to move to dismiss the default judgment, the Court is unable to consider any of her arguments because Ms. Hillas is not an attorney. ECF No. 370; *see Murray ex rel. Purnell v. City of Phila.*, 901 F.3d 169, 170-71 (3d Cir. 2018) (holding that a non-attorney executor of a multiple-beneficiary estate may not proceed pro se).

Motion on August 26, 2025. ECF No. 307. On the same day, the Court held a status conference, with counsel for Plaintiff and Ms. Hillas in attendance, during which the Court informed Ms. Hillas that she needed to find counsel. ECF No. 308.

On October 14, 2025, the Court held another status conference, after which the Court directed Defendant City of Paterson ("Paterson") to provide its position as to legal representation of the Stell Estate. ECF No. 350. Two weeks later, Paterson submitted a letter refusing to provide the Stell Estate counsel. ECF No. 356. Thereafter, Plaintiff requested a Clerk's Entry of Default according to Federal Rule of Civil Procedure 55(a), ECF No. 366, which the Clerk entered on November 7, 2025. Plaintiff filed the Motion on December 3, 2025. ECF No. 381.

## II. DISCUSSION

Federal Rule of Civil Procedure 55(b)(2) governs motions for default judgment. A default judgment is proper only after the Clerk has entered a default pursuant to Rule 55(a). *Hessein v. Union Cnty. Prosecutors Off.*, 569 F. App'x 99, 101 (3d Cir. 2014). The Third Circuit has "repeatedly stated [its] preference that cases be disposed of on the merits whenever practicable." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984). Before considering the merits of a default judgment motion, the Court must determine "(1) whether the plaintiff produced sufficient proof of valid service and evidence of jurisdiction, (2) whether the unchallenged facts present a legitimate cause of action, and (3) whether the circumstances otherwise render the entry of default judgment 'proper.'" *Chanel, Inc. v. Matos,* 133 F. Supp. 3d 678, 683 (D.N.J. 2015) (footnote omitted).

At this time, controlling precedent renders the entry of default judgment improper. In *Frow v. De La Vega*, the Supreme Court cautioned against an "absurdity" of incongruous judgments resulting from a situation where all non-defaulting defendants prevail, leaving the defaulting defendant responsible for the entire judgment. 82 U.S. (15 Wall.) 552, 554 (1872). To avoid this "absurdity," the Court established that if the non-defaulting defendants win, the complaint "will be dismissed as to all the defendants alike," but if the plaintiff wins, "he will then be entitled to a final decree against all." *Id.*

Accordingly, "if at trial facts are proved that exonerate certain defendants and that as a matter of logic preclude the liability of another defendant, the plaintiff should be collaterally estopped from obtaining a judgment against the latter defendant" notwithstanding that the defendant "failed to participate in the proceeding in which the exculpatory facts were proved." *Farzetta v. Turner & Newall, Ltd.*, 797 F.2d 151, 153 (3d Cir. 1986). Courts in this circuit routinely deny these types of motions without prejudice. *See, e.g., Transcon. Refrigerated Lines Inc. v. New Prime, Inc.*, No. 13-cv-02163, 2016 WL 4727145, at *1-2 (M.D. Pa. Feb. 24, 2016) (denying a default judgment motion without prejudice where there were identical claims against a non-defaulting party); *Stout St. Funding LLC v. Johnson*, 873 F. Supp. 2d 632, 650 (E.D. Pa. 2012) ("Entering default judgment against some, but not all, of the jointly liable Defendants is not appropriate at this time."); *Sheet Metal Workers Loc. 22 Pension, Welfare, Annuity,*

*Educ., Training & Indus. Funds v. Valenti*, No. 07-cv-04576, 2009 WL 10730948, at *1-2 (D.N.J. Dec. 21, 2009) (denying a default judgment motion without prejudice until liability as to non-defaulting defendants is determined).

Here, a default judgment would be improper because this multidefendant case involves overlapping claims and events, where a hypothetical jury verdict in the non-defaulting defendants' favor could lead to an incongruous outcome. Every surviving count against the Stell Estate involves one or more other defendants, increasing the possibility of inconsistencies. ECF No. 266 at 9-10, 32-33; ECF No. 332 at 10. Also, as Plaintiff admits, a default judgment against the Stell Estate "would also establish a key predicate in his *Monell* claim against the City of Paterson," Mot. 1, which would affect the consistency of relief should the jury find no liability against the other individual defendants. *See* 10A Wright & Miller's Federal Practice & Procedure § 2690 (4th ed. 2025) (recognizing that outside of joint and several liability cases, *Frow* "is designed to apply only when it is necessary that the relief against the defendants be consistent").

Additionally, Defendants possibly face joint and several liability. Compl. ¶ 193, ECF No. 1; *see Bullock v. Ancora Psychiatric Hosp.*, No. 10-cv-01412, 2011 WL 3651352, at *12 (D.N.J. Aug. 18, 2011) (permitting plaintiff to pursue joint and several liability against two defendants in a civil rights case). Withholding a default judgment at this posture "is most strictly applied where the liability is joint and several." *Sanchez v. Frazzano*, No. 15-cv-02316, 2016 WL 2892551, at *2 (D.N.J. May 16, 2016); *see also Jin v. Pine Tree Enterprises LLC*, No. 20-cv-02404 (WJM), 2021 WL 5141133, at *2 (D.N.J. Nov. 4, 2021) (denying without prejudice a default judgment motion where the plaintiff alleged joint-and-several liability).

Finally, Plaintiff's reliance on *Thabault v. Chait*, a multidefendant case where the district court granted default judgment against an unrepresented defendant estate, is misplaced. 541 F.3d 512, 530 (3d Cir. 2008). While there, the jury instructions provided for a possibility of a no-liability verdict against the non-defaulting defendant notwithstanding the judgment against the defaulting defendant, *id.* at 531, here, the factual and legal issues are inextricably intertwined, particularly relating to municipal liability, civil conspiracy, and damages.

### III. CONCLUSION

For these reasons, Plaintiff's Motion for an Entry of Default Judgment as to Defendant Lori Hillas as Executor of the Estate of Louis Stell is **DENIED WITHOUT PREJUDICE**. An appropriate order follows.

DATE: 1/5/26

WILLIAM J. MARTINI, U.S.D.J.

3