**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **ERIC KELLEY,** | No. 19-cv-17911 (WJM) |
| Plaintiff, | |
| v. | **OPINION** |
| **RICHARD REYES, et al,** | |
| Defendants. | |

**WILLIAM J. MARTINI, U.S.D.J.:**

Before the Court is Plaintiff Eric Kelley's Motion for Attorneys' Fees and Costs. ECF No. 514 ("Motion"). Accompanying the Motion are sixteen exhibits, including declarations from twelve attorneys who worked on this case and two outside reviewers. *Id.* 29. The Motion is unopposed[1] by any of the remaining[2] Defendants in the case, and the Court decides the Motion without oral argument or a hearing. Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the reasons set forth below, the Motion is **GRANTED IN PART.**

## I.    BACKGROUND

The Court assumes the parties' familiarity with this long-running civil rights case. *See* ECF Nos. 266, 332, 486, 517. On March 4, 2026, potential jurors arrived for jury selection, received a questionnaire to complete, and then were excused for the day. Trial Tr. 52:14-56:17. The following day, the Court conducted voir dire, and the jury was sworn that same afternoon. *Id.* 87, 249. On March 25, 2026, the jury returned with a verdict of $12 million against Defendants Richard Reyes, Lori Hillas as Executor of the Estate of Louis Stell ("Stell"), and Raymond Reid. ECF No. 483. On July 7, 2026, the Court denied renewed motions for judgment as a matter of law by Reyes and Reid, as well as Plaintiff's motion to alter the judgment, which is now on appeal. ECF No. 517, 2026 WL 1960822 (D.N.J. July 7, 2026); ECF Nos. 522, 523, 525. Plaintiff filed this Motion pursuant to an agreed upon briefing schedule, requesting $3,102,739.25 in attorneys' fees and $319,310.42 in costs. ECF No. 508; Mot. 40.

---

[1] Plaintiff filed a "reply" brief in response to his own Motion. ECF No. 520. A reply brief, however, "responds to issues and arguments raised in the brief previously filed by one's opponent." *Brief, Black's Law Dictionary* (12th ed 2024).

[2] The Court granted the City of Paterson's Rule 50(a) motion. ECF No. 484.

## II.    LEGAL STANDARD

A party who prevails in a civil rights action under 42 U.S.C. § 1983 and New Jersey law can move for a "a reasonable attorney's fee as part of the costs" of litigating the action, which can include reasonable litigation expenses. 42 U.S.C. § 1988; N.J.S.A. 10:6-2(f); Fed. R. Civ. P. 54(d); *see Abrams v. Lightolier Inc.*, 50 F.3d 1204, 1225 (3d Cir. 1995) (allowing for recovery of certain litigation expenses under § 1988). When evaluating a fees motion, "the Court must determine whether Plaintiff's requested fees are reasonable." *Arandjelovic v. Colvin*, No. 14-cv-02849, 2016 WL 1389935, at *3 (D.N.J. Apr. 8, 2016) (Martini, J.); *accord Above & Beyond - Bus. Tools and Servs. for Entrepreneurs, Inc. v. Trumbo*, No. 21-cv-03042, 2023 WL 7166727, at *5 (D.N.J. Oct. 31, 2023) (citing *Hensley v. Eckerhardt*, 461 U.S. 424, 433 (1983)). The Court "during the pendency of an appeal is not divested of jurisdiction to determine an application for attorney's fees." *Venen v. Sweet*, 758 F.2d 117, 120 n.2 (3d Cir. 1985).

## III.    DISCUSSION

In support of the Motion, Plaintiff utilizes the lodestar method. Mot. 13. The "lodestar" model, the "guiding light of our fee-shifting jurisprudence," is the attorney's reasonable hourly rate multiplied by the total number of reasonable hours expended. *City of Burlington v. Dague*, 505 U.S. 557, 559, 562 (1992). A reasonable hourly rate depends on "prevailing market rates in the community." *Washington v. Phila. Cnty. Ct. of C.P.*, 89 F.3d 1031, 1035 (3d Cir. 1996). The number of hours worked "are not reasonably expended if they are excessive, redundant, or otherwise unnecessary." *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990). The district court must go line by line through the supporting billing records. *Evans v. Port Auth. of N.Y. & N.J.*, 273 F.3d 346, 362 (3d Cir. 2001). The lodestar figure is presumed to be reasonable. *Blum v. Stenson*, 465 U.S. 886, 897 (1984). Below, the Court briefly examines Plaintiff's requested hourly rates, the total number of hours expended, and the expenses incurred.

### A.    Hourly Rates

At the outset, the Court concludes that Plaintiff's proffered hourly rates are reasonable in northern New Jersey. The Court "assess[es] the experience and skill of the prevailing party's attorneys and compare[s] their rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Rode*, 892 F.2d at 1183.

Here, Plaintiff's attorneys are experienced civil rights litigators, and they submitted different rates based on each attorney's level of expertise: $225 for paralegals, law clerks, and interns; $350 to $475 for associates; $550 to $625 for counsel; and $625 to $800 for partners. Mot. 10-11. These rates are in line with what courts in this district have recently deemed to be reasonable. *See, e.g., Ocasio v. Cnty. of Hudson*, No. 14-cv-00811, 2025 WL 1276101, at *6 (D.N.J. May 1, 2025), *modified,* 2025 WL 1747055 (D.N.J. June 24, 2025) (Martini, J.) (finding as reasonable rates between $615 and $850); *Industria De Alimentos Zenu S.A.S. v. Latinfood U.S. Corp.*, No. 16-cv-06576, 2024 WL 4370832, at *10 (D.N.J.

2

Oct. 2, 2024) (finding as reasonable hourly rates ranging from $440 to $995 for attorneys and $170 to $215 for a senior paralegal); *Rieger v. Volkswagen Grp. of Am., Inc.*, No. 21-cv-10546, 2024 WL 2207439, at *7 (D.N.J. May 16, 2024) (approving $475 per hour for an associate with six years of experience to $950 per hour for a partner with thirty years of experience and $540 to $1,075 for attorneys and $280 to $445 for paralegals and analysts). Moreover, two local practitioners submitted declarations stating that those rates are reasonable in the New Jersey legal market. *See* Mot. Exs. 3, 4. And as the Court observed during trial, Plaintiff's attorneys are seasoned civil rights litigators who routinely litigate wrongful conviction cases. *See, e.g.*, Trial Tr. 1244:23 (acknowledging Plaintiff's counsel's experience). Therefore, the Court accepts Plaintiff's hourly rates as reasonable.

### B.     Time Expended

Turning to the hours expended, Plaintiff filed declarations from twelve lawyers who represented him during this seven-year-long litigation. Mot. Exs. 5-16. When reviewing these declarations, the Court has very limited discretion because the Motion is unopposed. *See Interfaith Cmty. Org. v. Honeywell Int'l., Inc.*, 426 F.3d 694, 711 (3d Cir. 2005), *as amended* (Nov. 10, 2005) ("The court may not reduce an award *sua sponte*.").

Still, the Court notes that the 6,160 hours submitted are reasonable, as they reflect years of work leading up to a $12 million verdict. After conducting a line-by-line review of the billing records, the Court is satisfied that the hours generally reflect substantive legal work—including by paralegals—rather than administrative tasks. *But see, e.g., Make the Rd. States, Inc. v. Harran*, No. 25-cv-02938, 2026 WL 1093828, at *6 (E.D. Pa. Apr. 22, 2026) (reducing time billed for administrative tasks). Additionally, junior lawyers appropriately shouldered a significant burden in this case. Ex. 5 ¶ 29; *see M.M. v. Sch. Dist. of Phila.*, 142 F. Supp. 3d 396, 407 (E.D. Pa. 2015) (finding reasonable communications between senior and junior attorneys, as they "contribute to the overall reduction of costs of litigation with the junior attorney performing most of the work"). Plaintiff also commendably removed hundreds of hours relating to his unsuccessful *Monell* claim. Mot. 19. Finally, Plaintiff correctly notes that he may recover fees relating to the instant Motion. *Id.* 22; *Hernandez v. Kalinowski*, 146 F.3d 196, 198-99 (3d Cir. 1998) (permitting recovery for "fees on fees").

In sum, the 6,160 hours submitted by counsel in this Motion represent a reasonable amount of time spent on a complex civil rights action that spanned more than six years from filing to trial. Together, the lodestar calculation produces approximately $3.1 million in fees, or 25.8 percent of the $12 million judgment, which the Court accepts as reasonable.

### C.     Costs and Litigation Expenses

Lastly, Plaintiff seeks reimbursement for $319,310.42 in costs and litigation expenses, consisting primarily of deposition and discovery costs, investigation costs, trial expenses, and legal research costs. Mot. 38-40; *id.* Ex. 5 ¶¶ 44-61.

Although the Court ordinarily cannot reduce expenses unless there are "objections actually raised by the adverse party," *Bell v. United Princeton Props., Inc.*, 884 F.2d 713,

3

721 (3d Cir. 1989), the Court also "need not lend its imprimatur to an inappropriate order merely because there was no objection to its entry." *McKenna v. City of Phila.*, 582 F.3d 447, 459 n.13 (3d Cir. 2009). In such cases, "a district court may *sua sponte* 'reduce requested fees with respect to matters within the judge's personal knowledge.'" *M.G. v. E. Reg'l High Sch. Dist.*, 386 F. App'x. 186, 188 n.3 (3d Cir. 2010) (quoting *Bell*, 884 F.2d at 718-19).

Here, with one exception, Plaintiff's requested expenses are reasonable, and Plaintiff specifies in detail[3] the significant costs and expenses incurred to prosecute this case. The remaining Defendants "had an opportunity to contest the accuracy and reasonableness of the fees requested but failed to do so [and] have waived their right to make such objections." *McDonald v. McCarthy*, 966 F.2d 112, 119 (3d Cir. 1992). However, fee-shifting Plaintiff's full request for $24,637.56 for a jury consultant is inappropriate based on the Court's personal knowledge of its jury-selection procedure, which involves Court-run voir dire and prohibitions on attorneys questioning jurors directly. Furthermore, Plaintiff's jury consultant was not permitted at sidebar, and at the parties' request, the Court utilized jury questionnaires to expedite voir dire, which lasted only one day once the potential jurors arrived in the courtroom. Therefore, the Court awards only $10,000 of the requested $24,637.56 relating to "Jury Selection Assistance," Ex. 5, at Chart 10, which represents a reasonable expense for less than 24 hours of work from the time the parties received the juror questionnaires on the first day of trial to the time the jury was sworn at the end of the second day. In sum, the Court awards Plaintiff $304,672.86 in costs and expenses.

## IV.    CONCLUSION

Based on its independent review of Plaintiff's unopposed request for attorney's fees, the Court **GRANTS IN PART** the Motion and awards $3,102,739.25 in fees and $304,672.86 in costs and expenses, for a total award of $3,407,412.11. An appropriate Order follows.

DATE: August 6, 2026

WILLIAM J. MARTINI, U.S.D.J.

---

[3] The Court accepts the accuracy of the sworn declaration by Plaintiff's counsel in lieu of copies of each receipt or invoice. *See generally* Ex. 5.